UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICHOLAS WHITTINE                                    CIVIL ACTION

VERSUS                                                NO. 16-15761

ANADARKO PETROLEUM CORPORATION, et al.                SECTION: "G"(2)

## ORDER

In this litigation, Plaintiff Nicholas Whittine ("Plaintiff") filed suit against Anadarko Petroleum Corporation ("Anadarko") and Dolphin Services, LLC ("Dolphin") for injuries he allegedly sustained while working on a floating oil production platform, the CONSTITUTION Spar.[1] Dolphin, a subcontractor of Anadarko, filed a cross-claim against Anadarko, seeking defense, indemnity, and insurance coverage.[2] Pending before the Court is Anadarko's "Motion for Summary Judgment Regarding the Cross-Claim Filed by Dolphin Services."[3] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion for summary judgment.

## I. Background

On October 21, 2016, Plaintiff filed a complaint against Anadarko and Dolphin, in which Plaintiff alleges he sustained serious and grave bodily injury while working aboard the CONSTITUTION Spar as a blaster/painter.[4] Plaintiff asserts he was employed as a blaster/painter with Omni Energy Services to work on the CONSTITUTION Spar, a floating oil production

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 31.

[3] Rec. Doc. 37.

[4] Rec. Doc. 1.

1

platform owned and operated by Anadarko.[5] Plaintiff alleges that on December 14, 2015, he stepped on a piece of fiberglass grating that was not properly affixed to the underlying frame, causing the grating to shift and resulting in Plaintiff falling through the grating and severely injuring himself.[6] Plaintiff alleges that Dolphin was responsible for the grating and welding work on the CONSTITUTION Spar at the time of the incident.[7]

On December 8, 2017, Dolphin filed a cross-claim against Anadarko, seeking indemnification and defense from Anadarko pursuant to a Master Service Contract ("MSC") between Anadarko and Dolphin.[8] On March 13, 2018, Anadarko filed the instant "Motion for Summary Judgment Regarding the Cross Claim Filed by Dolphin Services."[9] On April 9, 2018, Dolphin filed its Memorandum in Opposition.[10]

## II. Parties' Arguments

### A. Anadarko's Arguments in Support of Summary Judgment

Anadarko contends there are no genuine issues of material fact in dispute in this matter, and accordingly, that Anadarko is entitled to summary judgment.[11] Anadarko asserts that the Outer

---

[5] *Id.* at 2–3.

[6] *Id.* at 3.

[7] *Id.* at 3–4.

[8] Rec. Doc. 31.

[9] Rec. Doc. 37.

[10] Rec. Doc. 46. Anadarko's motion for summary judgment was set for submission on April 11, 2018. Per the Local Rules of this Court, Dolphin's opposition was due by April 5, 2018. Therefore, the opposition was not timely filed. Nevertheless, the Court will still consider the opposition, as the Court has broad discretion as to whether to consider untimely filings. *See Nelson v. Star Enter.*, 220 F.3d 587 (5th Cir. 2000) ("District courts have broad discretion to consider untimely oppositions to motions for summary judgment."); *see also Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995) (holding that "the district court properly exercised its discretion by accepting Appellee's motion out of time").

[11] Rec. Doc. 37-1.

2

Continental Shelf Lands Act ("OSCLA") governs this dispute and that under OSCLA "the laws of the adjacent state, here Louisiana, apply as surrogate federal law."[12] Specifically, Anadarko contends that the Louisiana Oilfield Indemnity Act ("LOIA") nullifies the indemnification provision contained within the MSC.[13] Anadarko argues that Louisiana substantive law applies because (1) OCSLA applies to any injuries that occur on a spar[14] and (2) maritime law does not apply of its own force because the alleged accident did not occur on a vessel.[15]

Anadarko claims that because Louisiana law applies to this dispute, LOIA governs the MSC.[16] Anadarko argues that in cases where there is death or bodily injury as a result of the negligence or fault of the indemnitee, LOIA, as a matter of public policy, nullifies indemnification provisions in contracts concerning oil and gas wells and/or contracts pertaining to the exploration, development, production, or transport of oil and gas.[17] Anadarko further argues that because "the work being performed aboard the CONSTITUTION platform was related to the installation of equipment related to the production of natural gas from the wells connected to the CONSTITUTION, the Contract clearly pertains to a well and relates to the exploration, development and production of oil and gas."[18] Anadarko concludes by contending that Dolphin's

---

[12] *Id.* at 2.

[13] *Id.* at 3.

[14] *Id.* at 6 (citing *Mendez v. Anadarko Petroleum Corp.*, 466 F. App'x 316, 318–19 (5th Cir. 2012) and *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 359 (5th Cir. 1999)).

[15] *Id.* at 7.

[16] *Id.*

[17] *Id.* at 6–7.

[18] *Id.* at 9.

cross claim demanding indemnity should be dismissed because LOIA nullifies the indemnification provision.[19]

Finally, Anadarko asserts that the insurance demand included in Dolphin's cross claim should be dismissed. Anadarko argues that Section 9:2780(G) of LOIA prohibits parties from skirting the indemnity prohibition by employing insurance contracts to provide the illegal indemnities;[20] therefore, Anadarko claims that the insurance provision Dolphin relies upon is unenforceable under LOIA.[21]

### B. *Dolphin's Arguments In Opposition*

In its opposition, Dolphin first asserts that the record reflects that there are no disputed facts that could lead to a finding of fault against Dolphin.[22] Dolphin cites *Meloy v. Conoco*, a Louisiana Supreme Court case, to support the assertion that LOIA only prohibits indemnity provisions where the indemnitee was either negligent or at fault.[23] Dolphin asserts that Anadarko did not argue that Dolphin was at fault for Plaintiff's accident.[24] Furthermore, Dolphin concludes that its indemnity cross claim against Anadarko is valid if Dolphin is found to be free of fault.[25]

### **III. Legal Standard**

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[19] *Id.*

[20] *Id.* at 10 (citing *Babineaux v. McBroom Rig Bldg. Serv., Inc.*, 806 F.2d 1282, 1284 (5th Cir. 1987).

[21] *Id.* Anadarko also asserts the choice-of-law provision contained within the MSC, selecting Texas law, is unenforceable because it contravenes Louisiana's public policy, as set forth in LOIA. *Id.* at 5.

[22] Rec. Doc. 46 at 1.

[23] *Id.* at 2 (citing La. Rev. Stat. S 9:2780(A) and *Meloy v. Conoco*, 504 So. 2d 833, 838 (La. 1987)).

[24] *Id.* at 4.

[25] *Id.* at 3.

4

as a matter of law."[26] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[27] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[28] If the record, as a whole, could not lead a rational trier of fact to find for the nonmoving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[29]

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[30] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[31] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and articulate" precisely how that

---

[26] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[27] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[28] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[29] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[30] *Celotex,* 477 U.S. at 323.

[31] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (citing *Little v. Liquid Air Corp.*, 939 F.2d 1293, 1299 (5th Cir. 1991)).

evidence supports his claims.[32] In doing so, the nonmoving party may not rest upon mere allegations or denials in its pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[33] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[34] There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[35] Furthermore, it is well-established that "[u]nauthenticated documents are improper as summary judgment evidence."[36]

## **IV. Analysis**

In the Motion for Summary Judgment, Anadarko seeks the dismissal of Dolphin's cross claim, arguing that the indemnification provision in the MSC is prohibited under LOIA. Anadarko argues that LOIA governs this dispute because OCSLA applies and because OCSLA mandates the application of the substantive law of the adjacent state, which here is Louisiana. In its opposition, Dolphin did not contest Anadarko's assertion that OCSLA applies nor that Louisiana substantive law governs this dispute; however, Dolphin does argue that LOIA's prohibition on indemnification provisions only applies if the indemnitee is found to be at fault.

---

[32] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[33] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[34] *Little*, 37 F.3d at 1075.

[35] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

[36] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

Although the parties do not dispute that OCSLA governs, the Court must still decide the correct law to apply to this dispute. Accordingly, the Court will first evaluate whether OCSLA applies. The Fifth Circuit has established a test, known as the *PLT* test, which sets forth the three requirements that must be met for state law to apply as surrogate federal law under OCSLA: (1) "[t]he controversy must arise on a situs covered by the OCSLA (i.e. the subsoil, seabed, or artificial structures permanently or temporarily attached thereto)," (2) "[f]ederal maritime law must not apply of its own force," and (3) "[t]he state law must not be inconsistent with Federal law."[37] First, because the alleged accident occurred on the CONSTITUTION Spar, which is attached to the seafloor, the controversy arose on a situs covered by OCSLA.[38] Second, federal maritime law does not "apply of its own force" because the alleged accident occurred on a spar, which the Fifth Circuit has classified as a fixed production platform, and not on a vessel.[39] Third, the Fifth Circuit has repeatedly determined that LOIA is not inconsistent with federal law.[40] Therefore, because all three requirements of the *PLT* Test are met, Louisiana substantive law governs this dispute.[41]

As Louisiana law governs, this Court must evaluate whether LOIA applies and nullifies the indemnification and additional insurance provisions contained within the MSC. The Louisiana

---

[37] *Union Texas Petroleum Corp. v. PLT Engineering, Inc.*, 895 F.2d 1043, 1047 (5th Cir. 1990).

[38] *See* 43 U.S.C. § 1333(a)(2)(A).

[39] *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 358 (5th Cir. 1999) (determining that a spar is a fixed production platform); *see also ACE Am. Ins. Co. v. M-I, L.L.C.* 699 F.3d 826, 832 (5th Cir. 2012) (determining that federal maritime law would not apply to the master services agreement in in the indemnity dispute because the work being completed by the injured employee "was performed on a stationary platform, not a traditional maritime activity, [so] it follows that maritime law does not apply of its own force to the indemnity dispute").

[40] *ACE Am. Ins. Co. v. M-I, L.L.C.* 699 F.3d at 832; *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 789 (5th Cir. 2009).

[41] The choice-of-law provision contained within the MSC selecting Texas law is unenforceable because the Fifth Circuit has repeatedly determined that if OCSLA applies, the "substantive law of the adjacent state is to apply even in the presence of a choice of law provision in the contract to the contrary." *ACE Am. Ins. Co. v. M-I, L.L.C.* 699 F.3d at 832; *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 789 (5th Cir. 2009).

7

legislature enacted LOIA to address "inequities foisted on certain contractors [by] defense and indemnity provisions . . . contained in some agreements pertaining to wells for oil, gas, or water."[42] For LOIA to apply, the MSC must "pertain to" a well and must be "related to the exploration, development, production, or transportation of oil, gas, or water."[43] In addition, as the Louisiana Supreme Court decided in *Meloy v. Cononco, Inc.*, LOIA only applies if the party seeking indemnity is at fault:

> [T]he indemnitor's obligation for cost of defense cannot be determined until there has been a judicial finding that the indemnitee is liable or that the charges against it were baseless. Whether an oil company (indemnitee) is free from fault and thus outside the scope of the [LOIA] *can only be determined after trial on the merits.*[44]

The Fifth Circuit has clarified that LOIA does not nullify an indemnity provision, if the indemnitee is found free of any liability.[45] Citing *Meloy*, the Fifth Circuit explained, "Under Louisiana law, questions of contractual defense and indemnity that depend on a contractual party's fault 'cannot be determined until there has been a judicial finding that the [putative] indemnitee is liable or that the charges against it were baseless.'"[46]

As Anadarko has not provided evidence related to Dolphin's negligence or fault and the Court has not made a finding as to Dolphin's alleged liability or fault, the Court cannot at this stage decide whether LOIA applies, and if it does, whether it nullifies the indemnification provision in the MSC. Furthermore, this Court cannot decide whether the insurance demand in Dolphin's cross

---

[42] La. Rev. Stat. § 9:2780(A).

[43] La. Rev. Stat. § 9:2780(B).

[44] *Meloy v. Conoco, Inc.*, 504 So.2d 833, 839 (La.1987) (emphasis added).

[45] *Williams v. Chevron U.S.A., Inc.*, 875 F.2d 501, 507 (5th Cir. 1989) (citing *Meloy*, 504 So. 2d. 838).

[46] *Exxon Mobil Corp. v. Turner Indus. Grp. LLC*, 339 F. App'x 441, 445 (5th Cir. 2009) (quoting *Meloy*, 504 So. 2d. 839).

8

claim should be dismissed as the provision would only be void if the MSC fell within the scope of LOIA.

### V. Conclusion

Based on the foregoing and considering that any decision on the enforceability of the contractual indemnity provision would be premature prior to a determination of negligence or fault;

**IT IS HEREBY ORDERED** that Anadarko Petroleum Corporation's Motion for Summary Judgment Regarding the Cross-Claim Filed by Dolphin Services, LLC[47] **IS DENIED**.

**NEW ORLEANS, LOUISIANA,** this __10th__ day of May, 2018.

                                        **NANNETTE JOLIVETTE BROWN**
                                        **UNITED STATES DISTRICT JUDGE**

---

[47] Rec. Doc. 37.