UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICHOLAS WHITTINE | CIVIL ACTION |
| VERSUS | NO. 16-15761 |
| ANADARKO PETROLEUM CORPORATION, et al. | SECTION: "G"(2) |

## ORDER

In this litigation, Plaintiff Nicholas Whittine ("Plaintiff") filed suit against Anadarko Petroleum Corporation ("Anadarko") and Dolphin Services, LLC ("Dolphin") for injuries he allegedly sustained while working on a floating oil production platform, the CONSTITUTION Spar.[1] Pending before the Court is Anadarko's "Motion for Summary Judgment Regarding the Claims Filed By Nicholas Whittine."[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion for summary judgment.

## I. Background

On October 21, 2016, Plaintiff filed a complaint against Anadarko and Dolphin, in which Plaintiff alleges he sustained serious and grave bodily injury while working aboard the CONSTITUTION Spar as a blaster/painter.[3] Plaintiff asserts he was employed as a blaster/painter with Omni Energy Services ("Omni") to work on the CONSTITUTION Spar, a floating oil

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 36.

[3] Rec. Doc. 1.

1

production platform owned and operated by Anadarko.[4] Plaintiff alleges that on December 14, 2015, he stepped on a piece of fiberglass grating that was not properly affixed to the underlying frame, causing the grating to shift and resulting in Plaintiff falling through the grating and severely injuring himself.[5] In the Complaint, Plaintiff alleges that Dolphin was responsible for the grating and welding work on the CONSTITUTION Spar at the time of the incident.[6]

On March 13, 2018, Anadarko filed the instant "Motion for Summary Judgment Regarding the Claims Filed By Nicholas Whittine."[7] On April 3, 2018, Plaintiff filed a Memorandum in Opposition.[8]

## II. Parties' Arguments

### A. *Anadarko's Arguments in Support of Summary Judgment*

Anadarko argues that Plaintiff cannot succeed on his negligence claims because Anadarko did not owe Plaintiff a duty.[9] Anadarko asserts that a principal cannot be held liable for the actions of its independent contractor unless the liability arises from ultrahazardous activities performed on behalf of the principal or if the principal retained operational control over the contractor's work.[10] Anadarko argues that operational control only exists "if the principal has direct supervision over

---

[4] *Id.* at 2–3.

[5] *Id.* at 3.

[6] *Id.* at 3–4.

[7] Rec. Doc. 36.

[8] Rec. Doc. 43.

[9] Rec. Doc. 36.

[10] *Id.* at 8.

2

the step-by-step process of accomplishing the work such that the contractor is not entirely free to do the work his own way."[11]

Anadarko contends it did not maintain operational control over Omni's activities.[12] Anadarko asserts it hired Omni to blast and paint the metal surfaces aboard the platform to prevent corrosion.[13] Citing the deposition testimony of Anadarko's Offshore Installation Manager ("OIM"), Jeff LeBlanc, Anadarko asserts that although Anadarko directed Omni on where to blast and paint, Anadarko left how to best perform that task to Omni.[14] Anadarko argues that Omni maintained full control over its work area aboard the platform, including where Plaintiff allegedly fell, and that Omni allegedly barricaded the area and placed a watchman to ensure no other parties entered their area.[15] Furthermore, Anadarko contends that Plaintiff's deposition testimony, as well as that of the Anadarko OIM, show that the Omni crew moved the grating and left it unsecured when an earlier Omni crew applied primer before painting.[16]

---

[11] *Id.* at 8–9. Anadarko analogizes the case before the Court to several Fifth Circuit decisions, where the Fifth Circuit, applying Louisiana law, affirmed the grant of summary judgment in favor of a platform owner. According to Anadarko, in *Fruge ex rel. Fruge v. Parker Drilling Co.* and *Ainsworth v. Shell Offshore, Inc.*, the Fifth Circuit held that the principal did not retain operational control over its subcontractors even though the principal had representatives onsite who were responsible for the daily operation of the platform. *Id.* at 9–10 (citing *Fruge ex rel. Fruge v. Parker Drilling Co.*, 337 F.3d 558 (5th Cir. 2003) and *Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548 (5th Cir. 1987)). Anadarko also cites the U.S. Fifth Circuit's decision in *Coulter v. Texaco* and the Louisiana Fourth Circuit's decision in *Migliori v. Willow Apartments* to further its assertion that periodic inspections of a job site by an owner did not constitute operational control. *Id.* at 10–11 (citing *Coulter v. Texaco, Inc.*, 117 F.3d 909 (5th Cir. 1997) and *Migliori v. Willows Apartments*, 98-1814 (La. App. 4 Cir. 2/3/99); 727 So. 2d 1258, *writ denied*, 99-0873 (La. 5/14/99); 741 So. 2d 662)).

[12] *Id.* at 1.

[13] *Id.* at 2.

[14] *Id.* at 2–3.

[15] *Id.* at 4.

[16] *Id.* at 5.

### B. *Plaintiff's Arguments in Opposition*

In opposition, Plaintiff argues that Anadarko owes a duty to prevent safety hazards that could pose risks to subcontractors working on its platforms and that Anadarko exercised operational control over its subcontractors.[17] First, Plaintiff argues that Anadarko maintained sufficient operational control over operations related to grating work on the platform because Plaintiff was not injured by defective equipment over which Omni had direct control, but from "improperly installed and maintained equipment which fell under the supervision and control of Anadarko."[18] Plaintiff contends that his deposition testimony shows that Omni employees did not handle the fiberglass grating, but rather that if the grating needed to be removed, Omni would have called in a "crew" to remove it for the blasters and painters.[19] Further, in his deposition testimony, Plaintiff alleges that the Anadarko OIM is involved in removing and replacing grating.[20]

Plaintiff also points to the testimony of Plaintiff's supervisor at Omni, Perry LaBruzzo, who said that the grating should have been secure, but that it is not Omni's responsibility to ensure the grating is secure.[21] Plaintiff cites to LaBruzzo's deposition testimony, where LaBruzzo speculated that it could have been Anadarko's responsibility.[22] According to Plaintiff, LaBruzzo

---

[17] Rec. Doc. 43 at 1.

[18] *Id.* at 4.

[19] *Id.* at 4–5.

[20] *Id.* at 5.

[21] *Id.*

[22] *Id.*

said if an Omni employee noticed unsecured grating, Omni would have reported it, but that no one from Omni knew about the loose grating until after Plaintiff's accident.[23]

Plaintiff also points to testimony from Dolphin's corporate representative, Daniel Tanner, who allegedly testified that Dolphin played no role in the security of the grating at issue here, but noted that after the accident, Dolphin worked to fix the grating under the Anadarko OIM's direct orders and supervision.[24] Plaintiff also points to the Anadarko OIM's deposition, where LeBlanc allegedly commented that he was directly involved in remedying the grating after Plaintiff's accident.[25] According to Plaintiff, in the same deposition, LeBlanc explained that the Anadarko employees under his supervision work to ensure that the CONSTITUTION Spar is working safely by conducting maintenance and repairs.[26]

Separate from the operational control exception to a principal's liability for the acts of is subcontractors, Plaintiff also contends that Anadarko can be held liable under general negligence theories under Articles 2315, 231, and 2317.1 of the Louisiana Civil Code.[27] Plaintiff contends that Anadarko owed a duty to its subcontractors to ensure a safe walking surface.[28]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[23] *Id.* at 5–6.

[24] *Id.* at 6–7.

[25] *Id.* at 7–8.

[26] *Id.* at 7.

[27] *Id.* at 9–10.

[28] *Id.* at 12.

5

as a matter of law."[29] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[30] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[31] If the record, as a whole, could not lead a rational trier of fact to find for the nonmoving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[32]

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[33] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[34] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and articulate" precisely how that

---

[29] Fed. R.Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[30] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[31] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[32] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[33] *Celotex,* 477 U.S. at 323.

[34] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (citing *Little v. Liquid Air Corp.*, 939 F.2d 1293, 1299 (5th Cir. 1991)).

evidence supports his claims.[35] In doing so, the nonmoving party may not rest upon mere allegations or denials in its pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[36] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[37] There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[38] Furthermore, it is well-established that "[u]nauthenticated documents are improper as summary judgment evidence."[39]

## **IV. Analysis**

Anadarko contends it is entitled to summary judgment because Anadarko alleges it cannot be held liable for the negligence of its third-party contractors over whom Anadarko does not exercise operational control. In opposition, Plaintiff argues there are genuine questions of material fact over the amount of operational control Anadarko exerted over the contractors responsible for maintaining the safety of the grating, which Plaintiff alleges does not include Plaintiff's employer

---

[35] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[36] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[37] *Little*, 37 F.3d at 1075.

[38] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

[39] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

7

Omni. Furthermore, Plaintiff contends that Anadarko can be held independently liable for its failure to ensure a safe walking platform.

The Fifth Circuit, when applying Louisiana law,[40] has determined that a principal cannot be held liable for the injuries resulting from the negligent acts of an independent contractor "unless (1) the liability arises from ultrahazardous activities performed by the contractor on behalf of the principal or (2) the principal retains operational control over the contracto's acts or expressly or impliedly authorizes those acts."[41] No party has asserted that the contractors' work fell under the ultrahazardous exception; therefore, the Court is faced only with the question of whether Anadarko retained operational control over its contractors or authorized any activity that resulted in Plaintiff's injuries.

While the question of whether Anadarko owed a duty to Plaintiff is a question of law, whether Anadarko maintained operational control over its subcontractors is a question of fact.[42] Here, the parties provide contradictory deposition testimony as to which contractor or subcontractor was responsible for maintaining the safety and security of the grating that was allegedly left unsecured and caused Plaintiff's accident. Anadarko contends that Plaintiff "admits that the referenced grating had been moved by the Omni crew as they had applied the primer" and cites to pages seventy-two to seventy-three of Plaintiff's deposition.[43] However, that assertion is not supported by Plaintiff's deposition testimony. While Plaintiff testified that the grating must

---

[40] Both parties agree, and the Court previously decided, that Louisiana substantive law governs this dispute, pursuant to the Outer Continental Shelf Lands Act.

[41] *Coulter v. Texaco, Inc.*, 117 F.3d 909, 912 (5th Cir. 1997).

[42] *Fruge ex rel. Fruge v. Parker Drilling Co.*, 337 F.3d 558, 564 (5th Cir. 2003) (explaining that while whether the principal exerted operational control was a question of fact, whether the principal owed the plaintiff a duty was a question of law).

[43] Rec. Doc. 36-1 at 5.

have been previously moved when the grating was primed, Plaintiff never stated that the Omni crew moved or loosened it.[44] In his deposition, Plaintiff definitively stated that Omni employees never remove fiberglass grating, but if moving the grating is required to complete the job, the Omni crew would have informed the platform supervisor, who would have worked with the construction contractor to remove and then later return the grating.[45] Plaintiff's supervisor, LaBruzzo, also testified that Omni employees do not remove and replace the grating when performing blasting or painting duties.[46] Both the Anadarko OIM, LeBlanc, and Dolphin's corporate representative, Tanner, testified in their depositions that Anadarko and Dolphin were involved in securing the grating after Plaintiff's accident.[47] Moreover, the Anadarko OIM also testified in his deposition that he oversees Anadarko employees whose job is to ensure that the Spar is working safely by conducting maintenance and repairs.[48]

Therefore, there remains genuine disputes of material fact as to who or what entity was responsible for maintaining the safety of the grating; whom or what entity, if any, removed the clips holding the grating down; or whose negligence caused the alleged accident. Accordingly, the Court will deny the motion for summary judgment.

---

[44] Rec. Doc. 36-2 at 72–73.

[45] Rec. Doc. 43-2 at 25–26.

[46] Rec. Doc. 43-3 at 25.

[47] Rec. Doc. 43-5 at 17; Rec. Doc. 43-4 at 15.

[48] Rec. Doc. 43-5 at 60.

## V. Conclusion

Based on the foregoing and considering there exists several questions of material fact;

**IT IS HEREBY ORDERED** that Anadarko Petroleum Corporation's Motion for Summary Judgment Regarding the Claims Filed By Nicholas Whittine [49] **IS DENIED**.

**NEW ORLEANS, LOUISIANA,** this ___10th___ day of May, 2018.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[49] Rec. Doc. 36.