UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICHOLAS WHITTINE | CIVIL ACTION |
| VERSUS | NO. 16-15761 |
| ANADARKO PETROLEUM CORPORATION, et al. | SECTION: "G"(2) |

# ORDER

In this litigation, Plaintiff Nicholas Whittine ("Plaintiff") filed suit against Anadarko Petroleum Corporation ("Anadarko") and Dolphin Services, LLC ("Dolphin") for injuries he allegedly sustained while working on a floating oil production platform, the CONSTITUTION Spar.[1] Pending before the Court is Dolphin's "Motion for Summary Judgment Regarding the Claims Filed By Nicholas Whittine."[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion for summary judgment.

## I. Background

On October 21, 2016, Plaintiff filed a complaint against Anadarko and Dolphin, in which Plaintiff alleges he sustained serious and grave bodily injury while working aboard the CONSTITUTION Spar as a blaster/painter.[3] Plaintiff asserts he was employed as a blaster/painter with Omni Energy Services ("Omni") to work on the CONSTITUTION Spar, a floating oil

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 45.

[3] Rec. Doc. 1.

1

production platform owned and operated by Anadarko.[4] Plaintiff alleges that on December 14, 2015, he stepped on a piece of fiberglass grating that was not properly affixed to the underlying frame, causing the grating to shift and resulting in Plaintiff falling through the grating and severely injuring himself.[5] In the Complaint, Plaintiff alleges that Dolphin was responsible for the grating and welding work on the CONSTITUTION Spar at the time of the incident.[6]

On April 9, 2018, Dolphin filed the instant "Motion for Summary Judgment Regarding the Claims Filed By Nicholas Whittine."[7] On April 23, 2018, Anadarko filed a Memorandum in Opposition.[8] Plaintiff did not file an opposition.

## **II. Parties' Arguments**

### *A.  Dolphin's Arguments in Support of Summary Judgment*

Dolphin argues that it is entitled to summary judgment as a matter of law because Dolphin asserts it did not owe a duty to inspect the grating or the area around it, where Plaintiff allegedly fell and was injured.[9] Dolphin argues that the deposition testimony of Anadarko's Offshore Installation Manager ("OIM"), Jeff LeBlanc, proves that the grating was properly fastened the evening before Plaintiff's accident and asserts that Dolphin would have been unable to inspect said grating because Omni barricaded that area and posted a watchman to prevent others from

---

[4] *Id.* at 2–3.

[5] *Id.* at 3.

[6] *Id.* at 3–4.

[7] Rec. Doc. 45.

[8] Rec. Doc. 56.

[9] Rec. Doc. 45-1 at 6.

entering.[10] Dolphin further asserts that Plaintiff testified in his deposition that he did not see Dolphin employees touch the grating or walk near the area surrounding it.[11] Dolphin also posits that on the day of the accident, although the Dolphin crew was on the platform, the crew was working to remove a balance pump.[12] Dolphin points to LeBlanc's deposition testimony, where the Anadarko OIM testified that the Dolphin crew did not work in the area surrounding the grating on the day before the accident.[13] Dolphin does admit that after the accident, Dolphin was called in by Anadarko to repair the grating.[14]

Dolphin also points to the deposition testimony of Dolphin representative, Dwayne Knight, who allegedly provided a list of all material that had been purchased for Dolphin's work on the CONSTITUTION.[15] Dolphin alleges that the list shows that from January 6, 2015, to December 31, 2016, the only grating purchased by Dolphin was purchased after Plaintiff's accident.[16]

### B. *Anadarko's Arguments in Opposition*

In opposition, Anadarko argues that there exists a question of material fact that precludes the granting of Dolphin's motion for summary judgment.[17] Anadarko asserts that Plaintiff's deposition testimony shows that Omni employees do not move grating when blasting or painting, but, if removing the grating becomes necessary, the Omni supervisor would call the Anadarko

---

[10] *Id.*

[11] *Id.* at 4–5.

[12] *Id.* at 4.

[13] *Id.* at 5.

[14] *Id.* at 4.

[15] *Id.* at 5.

[16] *Id.*

[17] Rec. Doc. 56 at 1–2.

OIM, who would call the construction contractor working aboard the platform to have the grating removed and then later reinstalled.[18] According to Anadarko, LeBlanc, the Anadarko OIM, testified that although he does not remember Dolphin being asked to pull the grating, Dolphin would have been the contractor who reinstalled the grating.[19] Anadarko alleges that if the accident occurred as the Plaintiff alleged, then alleged Dolphin's replacement of the grating, which would have occurred prior to Plaintiff's accident, caused the unsafe condition that gave rise to Plaintiff accident.[20]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[22] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[23] If the record, as a whole, could not lead a rational trier of fact to find for the nonmoving party,

---

[18] *Id.* at 2.

[19] *Id.*

[20] *Id.* at 3.

[21] Fed. R.Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[22] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[23] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[24]

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[25] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[26] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[27] In doing so, the nonmoving party may not rest upon mere allegations or denials in its pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[28] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated

---

[24] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[25] *Celotex,* 477 U.S. at 323.

[26] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (citing *Little v. Liquid Air Corp.*, 939 F.2d 1293, 1299 (5th Cir. 1991)).

[27] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[28] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

assertions," or "by only a scintilla of evidence."[29] There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[30] Furthermore, it is well-established that "[u]nauthenticated documents are improper as summary judgment evidence."[31]

## IV. Analysis

Dolphin contends it is entitled to summary judgment because Dolphin alleges that it did not owe Plaintiff a duty as there is no evidence that any Dolphin employee touched or worked on the specific area of grating at issue in this case. In opposition, Anadarko argues that the deposition testimony of both Plaintiff's and the Anadarko OIM raise genuine questions of material fact as to Dolphin's involvement in replacing the grating that Plaintiff allegedly fell through.

Article 2315 of the Louisiana Civil Code establishes a general cause of action for negligence: "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."[32] In determining whether to impose liability under Article 2315, Louisiana courts employ a duty-risk analysis, whereby a plaintiff must establish the following five elements: "(1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's

---

[29] *Little*, 37 F.3d at 1075.

[30] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

[31] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

[32] Both parties agree, and the Court previously decided, that Louisiana substantive law governs this dispute, pursuant to the Outer Continental Shelf Lands Act.

injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element)."[33]

Under Louisiana law, determining the scope of a duty is "ultimately a question of policy as to whether the particular risk falls within the scope of the duty."[34] There "must be an ease of association between the rule of conduct, the risk of injury, and the loss to be recovered."[35] That inquiry typically requires consideration of the facts of each case.[36] While the existence of a duty under Louisiana law is a question of law, it requires an analysis of the particular facts of each case.[37]

The parties dispute whether any Dolphin employee ever worked on the grating at issue in this case, and specifically, whether Dolphin removed or replaced the grating when the prior Omni crew primed the grating. In his deposition, Plaintiff definitively stated that Omni employees never remove fiberglass grating.[38] However, Plaintiff testified that if moving the grating is required to complete the job, the Omni crew informs the platform supervisor, who works with the construction contractor to remove and then later reinstall the grating.[39] LeBlanc, the Anadarko OIM, testified that if the grating had been removed and reinstalled during the priming process, Dolphin would

---

[33] *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008); *Lemann v. Essen Lane Daiquiris,* 2005–1095 (La. 2006); 923 So. 2d 627, 633; *Long v. State ex rel. Dept. of Transp. and Dev.,* 2004–0485 (La. 2005); 916 So. 2d 87, 101.

[34] *Roberts v. Benoit,* 605 So.2d 1032, 1044 (La. 1991).

[35] *Maw Enterprises, L.L.C. v. City of Marksville*, 2014-0090 (La. 9/3/14); 149 So. 3d 210, 217.

[36] *Ellison v. Conoco, Inc.,* 950 F.2d 1196, 1205 (5th Cir. 1992).

[37] *Id.*

[38] Rec. Doc. 43-2 at 25–26.

[39] *Id.*

7

have been the contractor to handle it.[40] However, LeBlanc also testified that he had "no recollection that Dolphin was pulling grating."[41] Last, LeBlanc also stated that on the day preceding Plaintiff's accident, Dolphin did not work in the area where Plaintiff fell and that on the evening prior to the accident, the grating was allegedly secure.[42]

Therefore, there remains a genuine dispute of material fact as to Dolphin's role in moving and reinstalling the grating through which Plaintiff allegedly fell. Accordingly, the Court will deny the motion for summary judgment.

## V. Conclusion

Based on the foregoing and considering there exists questions of material fact;

**IT IS HEREBY ORDERED** that Dolphin Services, L.L.C.'s Motion for Summary Judgment Regarding the Claim Filed By Nicholas Whittine [43] **IS DENIED**.

**NEW ORLEANS, LOUISIANA,** this ___10th___ day of May, 2018.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[40] Rec. Doc. 56-1 at 37–38.

[41] Rec. Doc. 45-7 at 37.

[42] *Id.* at 42–43.

[43] Rec. Doc. 45.